The opinion of the court was delivered by
AXELRAD, P.J.A.D.
Plaintiff Elizabeth Kawa, for herself and others similarly situated, appeals from summary judgment dismissal of her Consumer Fraud Act class action suit with prejudice for failure to state a claim against defendant supermarkets (collectively Shoprite) for allegedly collecting more sales tax than is required by the Sales and Use Tax Act. She renews the arguments made to the Tax Court. We affirm substantially for the reasons set forth by Judge Menyuk in her comprehensive published opinion. Kawa v. Wakefern Food Corp. Shoprite Supermarkets, Inc., 24 N.J.Tax 39 (2008). We add the following comments.
This case arose as a class action complaint alleging plaintiff made several purchases from Shoprite from February 8, 2002 to February 18, 2005, and was overcharged $2.57 on sale and gratuitous items in which store coupons and the store’s Price Plus card was used. Plaintiffs complaint cites a Division of Taxation regulation and a publication indicating that store coupons and store cards resulting in discounts require the collection of sales tax only on the discounted amount, as compared to manufacturer’s coupons in which the vendor must collect sales tax on the full price of the item. Plaintiff alleges defendants overcharged her and members of the putative class by improperly calculating sales tax based on *447 the regular price of all items purchased in violation of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20, and that such conduct also constituted a breach of fiduciary duty, common law fraud and negligent taxation.[2]
It was undisputed defendants had remitted all sales tax collected to the State of New Jersey as required by statute and regulations promulgated by the New Jersey Division of Taxation (Division). See, e.g., N.J.S.A. 54:32B-17(a) and -18 (under the provisions of the Sales and Use Tax Act, sellers such as defendants are required to file monthly returns and “at the time of filing such return, pay to the director the taxes imposed by this act as well as all other moneys collected by such person acting or purporting to act under the provisions of this act”). Defendants filed a motion to dismiss the complaint, accepting for purposes of the motion that they collected excess sales tax during the subject period. They contended, however, that plaintiffs claims did not amount to a reimbursement for wrongly collected taxes, but rather a claim for refund of overpaid sales tax and that the Legislature had created an exclusive remedy for such claims. That remedy was to make a refund claim to the Division as provided by the Sales and Use Tax Act (SUTA), N.J.S.A. 54:32B-1 to -29, the State Uniform Tax Procedure Law (SUTPL), N.J.S.A. 54:48-1 to 54:53-18, and the regulations promulgated under those statutes, specifically N.J.S.A 54:32B-20(a) and N.J.A.C. 18:2-5.8(d)(2).[3] Defendants further contended there was a direct and unavoidable *448 conflict between the design of the tax statutes enacted by the Legislature for the refund of overpaid sales tax under the SUTA and the purpose and remedies under the CFA that precludes plaintiffs claims under the CFA.
Judge Menyuk recognized that on its face, N.J.S.A. 54:32B-20(a) deals only with the obligation of the Director, Division of Taxation (Director) to refund overpaid sales tax either to customers or to persons required to collect tax, does not mandate a claimant to apply to the Director for a refund (“application may be made”) and is silent as to the obligation of a vendor to its customer. Id. at 47. The Tax Court judge then analyzed the legislative and regulatory scheme of the SUTA and SUTPL, as well as the purpose and remedies available under the CFA. She concluded, in a cogent opinion, the Legislature intended that plaintiffs exclusive remedy for the refund of excess sales tax after that money had been remitted to the state was to seek a refund from the Director as provided by N.J.S.A. 54:32B-20(a).[4] Kawa, supra, 24 N.J.Tax at 54.
The court reasoned that despite the broad applicability of the remedial provisions of the CFA, the relief plaintiff sought thereun *449 der of recovering overpaid sales tax from the vendor would produce a “direct and unavoidable conflict” with the regulated practice of the agency having the delegated exclusive jurisdiction and taxing power, which “lies at the heart of government.” Id. at 51, 52 (citations omitted). Thus, under the case law, the presumption the CPA applied to an otherwise covered activity was overcome. Id. at 49-51; see Lemelledo v. Beneficial Mngmt. Corp., 150 N.J. 255, 270, 696 A.2d 546 (1997). Moreover, the jurisdiction of the Division was considered exclusive because the refund remedy “which the agency was empowered to grant [was] the only available remedy for the given situation.” Kawa, supra, 24 N.J.Tax at 50-51 (quoting Smerling v. Hannh’s Entm’t, Inc., 389 N.J.Super. 181, 187 (App.Div.2006) (internal citations omitted)).
Judge Menyuk elaborated:
In enacting the Sales and Use Tax Act, the Legislature delegated to the Director both general and specific powers intended to effectuate the administration and collection of the sales tax, which is a significant source of State tax revenue. The Sales and Use Tax Act, together with the regulations promulgated by the Director pursuant to the authority granted her by the act, “deal specifically, concretely, and pervasively with” the activity of collecting and refunding sales tax monies and imply “a legislative intent not to subject parties to multiple regulations that, as applied, will work at cross purposes.” Lemelledo, supra, 150 N.J. at 270, 696 A.2d 546.
[Kawa, supra, 24 N.J.Tax at 52.]
With reference to specific provisions of the SUTA, the court found the Division has exclusive jurisdiction in the first instance to determine whether a transaction is taxable or not, to determine the price on which the tax should be calculated, to determine the correct amount of the tax, and to refund the tax that has been overpaid and remitted to the Director pursuant to N.J.S.A. 54:32B-20(a). Id. at 51. The court noted the legislative determination that receipts from sales of tangible personal property are presumptively taxable under the SUTA, with the burden of proof that such receipt is not taxable on the person required to collect the tax or the customer. Id. at 52 (citing N.J.S.A. 54:32B-12(b)). Judge Menyuk explained, “[ijn sum, the design of the [SUTA] is for vendors to collect the tax even where there is some doubt as to taxability, and for vendors, acting as trustees of the State, to remit all monies collected under authority of the statute, whether cor *450 rectly or incorrectly, intentionally or negligently, to the State....” Id. at 53. Accordingly, defendants were obligated to pay over all collected sales tax monies to the Director with their returns, even potentially overpaid taxes, by virtue of N.J.S.A. 54:32B-18, which requires that “moneys collected by persons collecting tax under the [SUTA] and by those ‘purporting to act under the provisions’ of the [SUTA] are to be paid over to the Director.” Id. at 54.
The court further explained the refund remedy provided by the SUTA in contrast with the application of the CFA. “The Director is then authorized to determine the amount of tax due, N.J.S.A. 54:32B-19, and upon proper application, refund any tax erroneously, illegally or unconstitutionally collected. N.J.S.A. 54:32B-20(a).” Ibid. Under Section 20(a), the “remedy is simply the refund of overpaid taxes and, in some circumstances, interest.” Id. at 48 (citing N.J.S.A 54:49-15.1). Judicial review is then available after the Director has acted on the claimant’s request for refund of sales tax remitted to the State. Id. at 53; see N.J.S.A. 54:32B-21(a) (“[A]ny decision, order, finding, assessment or action of the Director” may be appealed to the Tax Court in accordance with the provisions of the SUTPL.). Moreover, the SUTPL bars refund claims for taxes overpaid to the State on behalf of a class. Id. at 48 (citing N.J.S.A. 54:49—14(c)). Thus, the individual and class action remedies provided by the CFA upon a showing of an “ascertainable loss,” i.e., recovery from a merchant of refund, treble damages and counsel fees, are incompatible with the legislative directive and regulatory scheme for collecting and processing sales tax refunds under the SUTA. See N.J.S.A. 56:8-2.11; N.J.S.A. 56:8-2.12; N.J.S.A. 56:8-19.
Under the comprehensively regulated SUTA, Shoprite fulfilled its obligation to act as a trustee for the state in collecting sales tax based on a presumption of taxability, even if in error, and timely remitting all monies to the state. Contrary to plaintiffs speculation, such a vendor has no incentive to over-collect sales tax revenue for its own investment benefit, and there is no evidence in the record of interest accruing on monies held by defendants prior to its remittance to the state. There is also no need for CFA protections to deter an unlawful practice as the Division, the *451 agency with expertise in the field, has developed appropriate uniform sales tax collection procedures and refund remedies in furtherance of the legislative directive. As the statutory and regulatory schemes of the SUTA and the CFA cannot be harmonized, Judge Menyuk properly concluded that plaintiffs exclusive refund remedy lay within the framework of the SUTA, and her cause of action under the CFA was thus precluded as a matter of law.[5]
The court next addressed the October 1, 2005 amendment to N.J.S.A, 54:32B-20(e), first referenced in defendants’ reply brief, which provides that a purchaser may seek a refund of over-collected sales tax from a seller as a first course of remedy available to the purchaser, but a cause of action seeking a return of the overpaid sales tax shall not accrue until the purchaser has provided written notice to the seller and the seller has had sixty days to respond. This was one of several amendments to the SUTA enacted by the Legislature to conform our state tax law to the requirements of the Streamlined Sales and Use Tax Agreement (SSUTA), a multi-state project intended to “simplify and modernize sales and use tax collection and administration” upon New Jersey’s membership in its governing body. See Assembly Budget Committee, Statement to Assembly Committee Substitute for A. 3473 (June 29, 2005); see also Kawa, supra, 24 N.J.Tax at 56-57. Plaintiff argued she should not be required to comply with the notice provision because the statute should not be applied retroactively, but urged it clarified and lent further support to her position that the customer’s first recourse for the return of overpaid sales tax was always the seller, regardless of whether the tax had been remitted to the Director. Kawa, supra, 24 N.J.Tax at 56. Defendants countered that the notice provision is applicable, to which plaintiff did not comply. Ibid. They further argued the new provision merely imposed additional procedural requirements on customers seeking a refund of overpaid sales taxes and *452 was not intended to expand the existing exclusive remedy available to customers under the statutory scheme and regulation, which was a refund request to the Director if the tax had already been remitted by the seller. Ibid.
After reviewing the legislative history of the SSUTA and leading commentary describing the provisions of the SSUTA incorporated in the Section 20(c) amendment, Judge Menyuk concluded that the amendment was intended by the Legislature only to add a procedural requirement for obtaining a refund from a seller prior to the seller’s remittance of the tax to the Director, and had no bearing on the exclusive remedy provision of N.J.S.A. 54:32B-20(a) and N.J.A.C. 18:2-5.8(d)(2). The court explained:
There is no evidence that with the enactment of [the amendment], the Legislature intended to create or permit a common law cause of action or an action under the Consumer Fraud Act where tax has already been paid over to the Director. The legislative history indicates that the Legislature intended only to conform the New Jersey Sales and Use Tax Act to the provisions of the SSUTA and i[t] lacks any discussion regarding consumer remedies or refund provisions____Moreover, none of the other provisions of the Sales and Use Tax Act evidencing that N.J.S.A. 54:32B-20(a) was intended to be the exclusive remedy for the return of overpaid sales tax that has been remitted to the State were changed by [the amendment]. I conclude that Section 20(c) was intended only to add a provision requiring written notice to a seller in connection with the only refund claim that can be made against a seller under existing law, that is, where a refund is claimed prior to the seller’s report to and remittance of the tax to the Director.
LId. at 58 (internal citations omitted).]
We are not persuaded by plaintiffs position on appeal that the Section 20(c) amendments lend support to the argument that the Tax Court’s decision was erroneous. We are satisfied Judge Menyuk’s conclusion, expressly limited to the present situation whereby the customer failed to request a refund prior to the sales tax being remitted to the state, is legally sound.
Affirmed.

 Plaintiff's complaint also alleged defendants knowingly misrepresented the facts to obtain the additional tax from the plaintiff, so that defendants could invest such monies until the tax was remitted to the State. Kawa, supra, 24 NJ.Tax at 45.

N.J.S.A. 54:32B-20 provides for refunds and credit of sales tax as follows:
(a) In the manner provided in this section the director shall refund or credit any tax, penalty or interest erroneously, illegally or unconstitutionally collected or paid if application to the director for such refund shall be made within four years from the payment thereof. Such application may be made by a customer who has actually paid the tax. Such application may also be made by a person required to collect the tax, who has collected and paid over such tax to the director, provided that the application is made within four years of the payment to him by the customer, but no actual refund of *448 moneys shall be made lo such person until the person shall first establish to' the satisfaction of the director, under such regulations as the director may prescribe, that the person has repaid to the customer the amount for which the application for refund is made....
NJ.A.C. 18:2-5.8(d) sets forth the procedure for filing a refund claim with the Director after a sales and use tax return has been filed and a person required to collect the tax has remitted the tax to the Director, in pertinent part, as follows:
2. Individual refunds: If the taxpayer overpaid sales tax when making a retail purchase, the taxpayer may request a refund directly from the vendor from whom the purchase was made. However, if the vendor has already submitted the tax to the State, the taxpayer must complete a Claim for Refund (Form A-3730) and include supporting documents to substantiate the claim. (emphasis added).

 The court specifically declined to decide whether a cause of action pursuant to the CFA was available when a vendor collected taxes exceeding the amount due under the SUTA, and failed to turn over those taxes to the Director. Kawa, supra, 24 NJ.Tax at 54-55.

 Based on this finding, the court also dismissed the other counts of plaintiffs complaint for failure to state a claim upon which relief could be granted. Kawa, supra, 24 N.J.Tax at 42. Plaintiff only appealed the CFA issue.