**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4706-16T1

PATRICK BARILE,
on behalf of himself
and those similarly situated,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

GF-PASSAIC FOODS, LLC, and
GF-EAST PATTERSON FOODS, LLC,

    Defendants-Respondents/
    Cross-Appellants.

_____

> Submitted June 5, 2018 – Decided August 17, 2018
>
> Before Judges Sumners and Moynihan.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Passaic County, Docket No. L-
> 0659-17.
>
> The Wolf Law Firm, LLC and the Law Office of
> David C. Ricci, LLC, attorneys for
> appellant/cross-respondent (Matthew S.
> Oorbeek, on the briefs).
>
> Cruser, Mitchell, Novitz, Sanchez, Gaston &
> Zimet, LLP, attorneys for respondents/cross-
> appellants (Douglas V. Sanchez, of counsel and
> on the brief; Michael S. Williams, on the
> brief).

PER CURIAM

In this matter, we are asked to decide whether the trial court erred in granting the defendants' Rule 4:6-2(e) motion to dismiss with prejudice plaintiff's class action complaint, which alleged violations of the Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA or the Act), specifically N.J.S.A. 56:12-15, by providing sales receipts for purchases that revealed sales tax charges higher than the rate allowed by state law. We are also asked whether the court erred in deciding that it does not have jurisdiction over plaintiff's complaint because the Director of the Division of Taxation (Director) has exclusive jurisdiction to refund sales tax. Plaintiff appeals the court's dismissal based upon its determination that the sales receipts do not violate the TCCWNA. Defendants cross-appeal the court's rejection of their contention that the sales receipts were not "contracts" or "notices" under the TCCWNA. We conclude the complaint should have been dismissed with prejudice because the sales receipts are not a violation of the TCCWNA, and that they are not contracts or notices under the Act, and that exclusive jurisdiction over sales tax disputes resides with the Director. Thus, we affirm in part and reverse in part.

Plaintiff's complaint seeking class-action relief alleged that on multiple occasions over a three-week period in 2016, he

A-4706-16T1

purchased grocery items at defendants' Gala Fresh stores in Paterson and Passaic and was given sales receipts showing that he paid sales tax in excess of the seven percent rate permitted by the Sales and Use Tax Act (SUTA), specifically, N.J.S.A. 54:32B-5(3). He contended the sales receipts violated the TCCWNA. In response, defendants filed a Rule 4:6-2(e) motion to dismiss the complaint with prejudice arguing that as a matter of law, the sales receipts did not constitute contracts or notices as required to establish a TCCWNA violation, and that the exclusive jurisdiction to refund sales tax resided with the Director of the Division of Taxation.

The court granted defendants' motion on the basis that, accepting there was a violation of the law by overcharging plaintiff sales tax, the sales receipts did not violate the TCCWNA because the overcharging occurred after the sales transaction was complete — "the goods were received and the monies paid." Simply put, the court found "[t]he violation, if there is one, is the overcharging, not the provision of a receipt." In reaching this determination, the court relied upon the pronouncement in Shelton v. Restaurant.Com, Inc., 214 N.J. 419, 427-28 (2013), that the intent behind TCCWNA is to prevent consumer deception — a non-occurrence here by merely giving sales receipts memorializing the overcharged sales tax after the sale. Although it found there was

3

no TCCWNA violation, the court found that a sales receipt constituted notice to plaintiff under TCCWNA because it was undefined in the Act and the ordinary meaning of notice according to Black's Law Dictionary 1164 (9th Ed. 2009) is "a written or printed announcement". See Shelton, 214 N.J. at 431 (holding that where "the TCCWNA does not define the term 'property,' . . . the default definition of the property applies").

The court also agreed with defendants that since plaintiff's claim only concerns the overcharging of sales tax, in accordance with Kawa v. Wakefern Food Corp., 24 N.J. Tax 444, 449 (App. Div. 2009), jurisdiction lies exclusively with the Director. The fact that plaintiff alleged a TCCWNA violation, and Kawa involved the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, was immaterial given the statutory scheme under N.J.S.A. 54:32B-20(a) that conveyed exclusive jurisdiction to the Director for refund of excess sales tax.

On appeal, plaintiff argues the court erred in dismissing his complaint by finding the sales receipts did not contain any violations of law under TCCWNA, and that the Director of Taxation does not have exclusive jurisdiction over issues involving SUTA. Defendants argue on cross-appeal that although the court properly found there was no TCCWNA violation, it erred in finding that the sales receipts constitute contracts or notices under the TCCWNA.

4

When considering a Rule 4:6-2(e) motion to dismiss a complaint with prejudice for failure to state a claim upon which relief can be granted, a trial court must determine "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). The court must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (citation omitted). We apply a de novo standard when reviewing an order dismissing a complaint for failure to state a claim. State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 279 (App. Div. 2017). Since our "review is plenary[,] . . . we owe no deference to the trial judge's conclusions." State v. Cherry Hill Mitsubishi, 439 N.J. Super. 462, 467 (App. Div. 2015) (citation omitted).

Our de novo review of defendants' motion to dismiss requires us to interpret N.J.S.A. 56:12-15 to discern and give effect to the Legislature's intent. DiProspero v. Penn, 183 N.J. 477 (2005). We first turn to the plain language of the statute, which is "the best indicator" of legislative intent. In re Plan for the Abolition of the Council on Affordable Hous., 214 N.J. 444, 467 (2013). "If the plain language leads to a clear and unambiguous result, then [the] interpretive process is over." Richardson v.

<u>Bd. of Trs.</u>, 192 N.J. 189, 195 (2007). When the language does not yield an unambiguous interpretation, we continue the process to discern legislative intent, interpreting statutory language "in accordance with common sense" and may "consider the entire legislative scheme of which a particular provision is but a part." <u>Morristown Assocs. v. Grant Oil Co.</u>, 220 N.J. 360, 380 (2015). Moreover, we may look to dictionary definitions to determine the common meaning of words. <u>In re Election Law Enf't Comm'n Advisory Op. No. 01-2008</u>, 201 N.J. 254, 264 (2010); <u>Macysyn v. Hensler</u>, 329 N.J. Super. 476, 485 (App. Div. 2000).

N.J.S.A. 56:12-15 states in pertinent part:

> No seller, . . . shall in the course of his business offer to any consumer . . . or enter into any <u>written consumer contract</u> or give or display any <u>written . . . notice</u> or sign after the effective date of this act which includes any provision <u>that violates any clearly established legal right of a consumer or responsibility of a seller</u> . . . as established by State or Federal law at the time the offer is made or the consumer contract is signed or the . . . notice . . . is given or displayed.
>
> [(Emphasis added).]

The TCCWNA "is a remedial statute, entitled to a broad interpretation to facilitate its stated purpose." <u>Shelton</u>, 214 N.J. at 442. This statute, "by its terms, only prohibits certain affirmative actions, that is, the offering or signing of a consumer

contract, or giving or displaying of consumer warranties, notices, or signs, which violate a substantive provision of law." Jefferson Loan Co., Inc. v. Session, 397 N.J. Super. 520, 540-41 (App. Div. 2008). The plain language of the statute establishes certain requirements for its application. The entity that is the target of the prohibition must be a "seller . . . [acting] in the course of his business." N.J.S.A. 56:12-15. The party to be protected must be a "consumer." Ibid. The targeted conduct has two elements. First, there is the action of the seller, who must "offer" or "enter into any written consumer contract" or "give or display any written . . . , notice." Ibid. The second element regards the content of the writing. It must "include [a] provision that violates any clearly established legal right of a consumer or responsibility of a seller." Ibid. See Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 457 (2011) (stating the purpose of the TCCWNA "is to prevent deceptive practices in consumer contracts by prohibiting the use of illegal terms or warranties in consumer contracts").

Guided by these principles, for the reasons substantially stated by the court in its oral decision we agree that the sales receipts memorialize plaintiff's purchases and, therefore, are not violations of the law covered under TCCWNA. We further agree with the court's reasoning that the Director has exclusive jurisdiction

under SUTA over issues involving sales tax. The fact that, under N.J.S.A. 56:12-17, a TCCWNA violation imposes a civil penalty of not less than $100, or actual damages at the consumer's election, together with reasonable attorney fees and court costs, does not nullify the Director's exclusive jurisdiction in matters involving sales tax.

We find unpersuasive plaintiff's submission under Rule 2:6-11(d), that our recent decision in Pisack v. B & C Towing, Inc., ___ N.J. Super. ___, ___ (App. Div. 2018), requires us to conclude that the sales receipts constitute contracts and notices under TCCWNA, and that discovery should be permitted on his class claims. In Pisack, we held that the towing companies bills containing prohibited charges "are consumer contracts and notices within the meaning of the TCCWNA" because they serve "as the 'writings required to complete the consumer transaction[,]' N.J.S.A. 56:12-1[,]" and that a vehicle owner is led to believe the charges must be paid. Id. (slip op. at 29-30). Here, the sales receipts, despite memorializing sales tax overcharges, are not bills or invoices given to purchasers to indicate what must be paid but are given to record the purchases and the sales tax charged. Unlike the towing companies' bills, sales receipts — albeit containing sales tax overcharges — were not tendered to deceive the consumer into paying charges that are not allowed by law.

Furthermore, we see no cause for discovery as plaintiff contends. Even assuming discovery would reveal that defendants were intentionally overtaxing their customers and keeping the excess sales taxes rather than turning them over to the State, the sales receipts are still neither contracts nor notices under TCCWNA because they were not issued to plaintiff to entice him to pay more sales taxes than he was required to pay. The fact that the TCCWNA is remedial legislation and entitled to broad interpretation does not allow us to impose requirements that are not within the four corners of its language.

Finally, we disagree with the court's declaration that the sales receipts constitute contracts or notices under TCCWNA. For the same reason that the receipts do not constitute a violation of TCCWNA, they do not constitute a notice or contract. Under the TCCWNA, a contract is a written agreement to purchase real or personal property for cash or credit. Shelton, 214 N.J. at 438 (citing N.J.S.A. 56:12-1). And, as mentioned previously, notice means a written or printed announcement. Since the receipts are merely a record of the sales transaction and do not set forth or publicize a deceptive practice, they are neither a contract nor notice under TCCWNA.

Affirmed in part and reversed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4706-16T1