NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1463-15T1

STATE OF NEW JERSEY
ex rel. LEONARD M.
CAMPAGNA,
 APPROVED FOR PUBLICATION
 Plaintiff-Appellant,
 July 19, 2017
v.
 APPELLATE DIVISION
POST INTEGRATIONS, INC.,
EBOCOM, INC., and MARY
GERDTS,

 Defendants-Respondents.
________________________________________________________________

 Argued March 28, 2017 – Decided July 19, 2017

 Before Judges Reisner, Rothstadt and
 Sumners.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Docket
 No. L-6341-14.

 Luis G. Zambrano (Miller, Egan, Molter &
 Nelson, LLP) of the Texas bar, admitted pro
 hac vice, argued the cause for appellant
 Leonard M. Campagna (Clayton Giles (Law
 Offices of Joshua Parkhurst) and Mr.
 Zambrano, attorneys; Mr. Giles and Mr.
 Zambrano, of counsel and on the briefs).

 Carla S. Pereira, Deputy Attorney General,
 argued the cause for respondent State of New
 Jersey (Christopher S. Porrino, Attorney
 General, attorney; Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Joan
 Karn and Marlene G. Brown, Deputy Attorneys
 General, on the brief).
 John L. Sinatra, Jr. (Hodgson Russ LLP) of
 the New York bar, admitted pro hac vice,
 argued the cause for respondents Post
 Integrations, Inc., Ebocom, Inc., and Mary
 Gerdts (Jacquelyn R. Trussell (Hodgson Russ
 LLP) and Mr. Sinatra, attorneys; Daniel C.
 Oliverio, Mr. Sinatra, and Ms. Trussell, on
 the brief).

 The opinion of the court was delivered by

ROTHSTADT, J.A.D.

 In this qui tam action, we are asked to determine whether a

claim against a corporation arising from its alleged failure to

pay certain statutory obligations owed to the State relates to

taxes that are expressly excluded from the purview of the New

Jersey False Claims Act (NJFCA or the Act), N.J.S.A. 2A:32C-1 to

-18. For the reasons stated herein, we hold that such

obligations are taxes and, therefore, the Law Division properly

dismissed plaintiff's complaint.

 Plaintiff, Leonard M. Campagna, the relator, appeals from

the Law Division's November 6, 2015 order allowing the Attorney

General to appear in support of defendants' motion to dismiss

and from the order of the same date dismissing his complaint.

The complaint alleged that defendants, Post Integrations, Inc.,

Ebocom, Inc., and Mary Gerdts, were out-of-state credit card

processors who served New Jersey based hotels, and that they

violated the NJFCA by making false statements in order to avoid

 2 A-1463-15T1
paying New Jersey "assessments, fees, license costs and other

charges." In response to plaintiff's complaint, the Attorney

General filed a notice of his decision not to intervene in the

action and defendants filed a motion to dismiss the complaint

for failure to state a cause of action upon which relief could

be granted, R. 4:6-2(e), and for failing to plead a fraud claim

with particularity, R. 4:5-8(a). The State sought leave to file

a statement of interest and to participate in oral argument in

further support of defendants' motion. Judge Michelle Hollar-

Gregory allowed the State to participate, over plaintiff's

objection, even though Attorney General had declined to

intervene in the action.

 After considering the parties' and the State's arguments,

Judge Hollar-Gregory dismissed the complaint, concluding that

plaintiff's allegations related to false statements that were

made to avoid paying taxes and similar liabilities and that the

NJFCA, N.J.S.A. 2A:32C-2 (the tax bar), expressly excluded

"claims, records, or statements made in connection with state

tax laws." The judge rejected plaintiff's contention that his

claims were excluded from the tax bar because N.J.S.A. 2A:32C-

3(g), which sets forth conduct prohibited under the NJFCA, does

not include the word "claim." Relying on DiProspero v. Penn,

183 N.J. 477 (2005), the judge observed that reading section (g)

 3 A-1463-15T1
in isolation as plaintiff argued would "not give sense to the

legislation as a whole." Judge Hollar-Gregory also rejected

plaintiff's argument that even if the tax bar applied to

"claims" such as those he asserted, the other fees he alleged

defendants avoided were not taxes. The judge disagreed finding

that the fees were alternative minimum assessments (AMA)

required as a tax on corporate income by the "Corporation

Business Tax Act [(CBT), N.J.S.A. 54:10A-1 to -40]."

 On appeal, plaintiff argues that the judge erred by

applying the NJFCA's tax bar to his claim and by concluding that

the AMA "is a tax under New Jersey's tax laws." He also

contends that other unpaid "non-tax fees" alleged in his

complaint were not subject to the tax bar. In addition,

plaintiff argues that the judge should not have allowed the

State to participate in the argument of defendants' motion.

 Our review of the judge's order entered under Rule 4:6-2(e)

is de novo. See Major v. Maguire, 224 N.J. 1, 26 (2016).

Having reviewed the record in light of that standard, we affirm

the dismissal of the complaint substantially for the reasons

expressed by Judge Hollar-Gregory in her oral decision. We add

only the following comments.

 Plaintiff's primary argument about the applicability of the

tax bar relies upon two separate provisions of the NJFCA. As

 4 A-1463-15T1
plaintiff acknowledges, the NJFCA's definition of a prohibited

"claim" expressly excludes matters addressed by state tax laws.

It states:

 "Claim" means a request or demand, under a
 contract or otherwise, for money, property,
 or services that is made to any employee,
 officer, or agent of the State, or to any
 contractor, grantee, or other recipient if
 the State provides any portion of the money,
 property, or services requested or demanded,
 or if the State will reimburse the
 contractor, grantee, or other recipient for
 any portion of the money, property, or
 services requested or demanded. The term
 does not include claims, records, or
 statements made in connection with State tax
 laws.

 [N.J.S.A. 2A:32C-2 (emphasis added).]

 The other portion of the Act upon which plaintiff relies

imposes liability for prohibited conduct that it describes, in

pertinent part, as follows:

 A person shall be . . . liable to the
 State for a civil penalty . . . for each
 false or fraudulent claim . . . if the
 person commits any of the following acts:

 . . . .

 g. Knowingly makes, uses, or causes to be
 made or used a false record or statement to
 conceal, avoid, or decrease an obligation to
 pay or transmit money or property to the
 State.

 [N.J.S.A. 2A:32C-3(g) (emphasis added).]

 5 A-1463-15T1
 The Supreme Court in L.A. v. Bd. of Educ. of City of

Trenton noted that:

 When, as here, an issue concerns more
 than one statutory provision, "[r]elated
 parts of an overall scheme can . . . provide
 relevant context." [I]n addition to
 "ascrib[ing] to the statutory words their
 ordinary meaning and significance [we] read
 them in context with related provisions so
 as to give sense to the legislation as a
 whole."

 [221 N.J. 192, 201 (2015) (first, second,
 and fourth alteration in original) (quoting
 Beim v. Hulfish, 216 N.J. 484, 498 (2014)).]

 Reading the plain language of the statute in the context of

the entire Act, see DiProspero, supra, 183 N.J. at 497, it is

clear that, as the motion judge concluded, the Legislature

intended to exclude state tax matters from the Act's purview.

Contrary to plaintiff's argument, the fact that subparagraph (g)

does not refer to "claims" does not compel a contrary reading,

especially since the introductory language of the statute

specifically includes that reference. Reading a portion of the

statute with a blind eye to the balance of its contents is

inconsistent with the principles governing statutory

construction and, in this case, would be contrary to the

Legislature's clear intent to exclude tax matters from the NJFCA

 6 A-1463-15T1
as stated in N.J.S.A. 2A:32C-2.1 Courts must eschew such

results. See Burgos v. State, 222 N.J. 175, 203 (2015), cert.

denied, ___ U.S. ___, 136 S. Ct. 1156, 194 L. Ed. 2d 174 (2016).

 Turning to plaintiff's contention that the AMA is not a

tax, we conclude that it is without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E). Suffice

it to say, the AMA is a part of the CBT and "the Legislature

imposed [it] to be used in calculating liability for corporation

business tax[es.]" Equip. Leasing & Finan. Ass'n v. Dir. of

Taxation, 24 N.J. Tax 527, 529 (Tax 2009).

 Equally without merit is plaintiff's contention that the

tax bar does not apply to assessments and fees imposed upon

foreign corporations by the New Jersey Business Corporation Act

(NJBCA), N.J.S.A. 14A:13-1 to -23. Plaintiff's argument ignores

the fact that the Legislature placed the overall administration

of the NJBCA with the Division of Taxation in the Department of

Treasury, see N.J.S.A. 14A:13-22, and that the NJBCA expressly

1
 The federal False Claims Act (FCA), 31 U.S.C.A. §§ 3729 to
3733, also excludes actions that arise from "claims, records, or
statements" that relate to tax matters, 31 U.S.C.A. § 3729(d),
and has been enforced by federal courts consistent with the
approach we have taken herein. See, e.g., Almeida v. USW, 50 F.
Supp. 2d 115, 126-27 (D.R.I. 1999) ("[F]ederal courts have
recognized that fraudulent income tax claims are not actionable
under [the FCA]. Some courts have noted that application of the
[FCA] . . . would be redundant and confusing given the
fraudulent claims prohibitions within the Internal Revenue Code
itself." (citations omitted)).

 7 A-1463-15T1
states that it is "governed in all respects by the provisions of

the State tax uniform procedure law [Title 54] except to the

extent that a specific provision . . . may be in conflict

therewith." N.J.S.A. 14A:13-21.

 Finally, we discern no abuse of discretion in Judge Hollar-

Gregory's decision to allow the State to appear as an interested

party in further support of defendants' motion. The appearance

was not an intervention to pursue a claim as contemplated by the

NJFCA. See N.J.S.A. 2A:32C-5(d); In re Enf't of N.J. False

Claims Act Subpoenas, 444 N.J. Super. 566, 570-71 (App. Div.

2016), aff'd o.b., ___ N.J. ___, ___ (2017). Rather, the

application granted by Judge Hollar-Gregory was akin to one to

appear amicus curiae. Her decision was a proper exercise of the

court's discretion. See State ex rel. Hayling v. Corr. Med.

Servs., Inc., 422 N.J. Super. 363, 369 (App. Div. 2011)

(acknowledging treatment of statement of interest as application

to appear amicus curiae); see also R. 1:13-9; In re State ex

rel. Essex Cty. Prosecutor's Office, 427 N.J. Super. 1, 5 (Law

Div. 2012).

 Affirmed.

 8 A-1463-15T1