**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3411-16T3

DAVID MCMULLIN, RENEE
MCMULLIN and RAQUELLE
DAVID, INC.,

    Plaintiffs-Appellants,

v.

ERIC CASABURI, DONALD GRASSO
and VECKK ENTERPRISES, LLC,

    Defendants-Respondents.

_____

Submitted June 4, 2018 — Decided August 3, 2018

Before Judges Whipple and Rose.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No. L-
2094-16.

Bathgate Wegener & Wolf, PC, attorneys for
appellants (Dominic J. Aprile and Ryan S.
Malc, on the brief).

Marks & Klein, LLP, attorneys for respondent
(Justin M. Klein, on the brief).

PER CURIAM

    Plaintiffs David and Renee McMullin, the sole shareholders

of Raquelle David, Inc., appeal from a March 3, 2017 Law Division

order dismissing with prejudice their complaint against defendants Eric Casaburi, Donald Grasso, and Veckk Enterprises, LLC.[1] Having reviewed plaintiffs' arguments in light of the record and applicable legal principles, we affirm.

The essential facts from the record follow. In June 2012, plaintiffs negotiated with defendants to purchase a yogurt shop in Shrewsbury under the name "Let's Yo." On June 18, 2012, the parties entered into an Asset Acquisition Agreement (the Agreement) for plaintiffs to purchase the assets of the business for $479,000 and defendants assigned the store lease to plaintiffs. The Agreement contained a "Buyers' Satisfaction" clause, which stated,

> [Plaintiffs] acknowledge[] that [their] accountant or other advisors have had free access to [defendants'] books and records. Both [defendants] and [plaintiffs] acknowledge that the value allocated to the particular assets . . . is fair and accurate. [Plaintiffs] further acknowledge[] that [they have] entered into this agreement based upon [their] own evaluations and forecasts and [have] not relied upon any representation of [defendants] regarding the vitality of the [b]usiness.

Additionally, the Agreement contained a clause that reads,

> [Defendants] make[] no representation as to the condition of the fixtures and equipment sold herein. [Plaintiffs] may inspect and

---

[1] Casaburi and Grasso were the agents and principals of Veckk Enterprises, LLC.

A-3411-16T3

test all equipment prior to closing. [Plaintiffs have] personally reviewed the financial records of [defendants] and agree[] to take same in its "as is" condition, except that to the best of its knowledge, [defendants] represent[] that the books of [defendants] are true and accurate.

In June 2016, plaintiffs filed a complaint against defendants, alleging: (1) fraud in the inducement, (2) negligent misrepresentation, (3) breach of the covenant of good faith and fair dealing, (4) violations of the New Jersey Consumer Fraud Act, (5) civil conspiracy, and (6) aiding and abetting. Plaintiffs allege after they began operating, the store did not generate positive cash flow consistent with the information, documentation and representations provided to them by defendants. Plaintiffs also allege the operation of the store resulted in substantial losses.

In August 2016, Grasso filed an answer denying all allegations in plaintiffs' complaint and asserting cross-claims for indemnification and contribution from his co-defendants, and a counterclaim for frivolous litigation. Shortly thereafter, Casaburi and Veckk moved to dismiss plaintiffs' complaint and plaintiffs moved to dismiss Grasso's counterclaims.

On November 18, 2016, the court granted defendants' motion, dismissing plaintiffs' claims under the Consumer Fraud Act and for conspiracy with prejudice, and for fraud, negligent

misrepresentation, and breach of the covenant of good faith and fair dealing without prejudice and allowed plaintiffs thirty-five days to file an amended complaint. The judge granted plaintiffs' motion to dismiss the counterclaim under the Frivolous Claims Act without prejudice.

In December 2016, plaintiffs moved for reconsideration of the portion of the order granting defendants' motion to dismiss. Plaintiffs also filed an amended complaint, asserting: (1) fraud in the inducement, (2) negligent misrepresentation, (3) breach of the covenant of good faith and fair dealing, and (4) aiding and abetting. Casaburi and Veckk again moved to dismiss plaintiffs' complaint with prejudice.

On March 3, 2017, the court granted plaintiffs' motion for reconsideration regarding dismissal of plaintiff's civil conspiracy claims with prejudice, but at the same time, granted defendants' motion to dismiss all counts of plaintiffs' amended complaint with prejudice. Relying on the plain language of the Buyer Satisfaction clause of the Agreement, the motion judge determined plaintiffs expressly stated they did not rely on any misrepresentations made by defendants when deciding whether to purchase the business. The signed Agreement disclaimed any reliance on any financial representations made by defendants, foreclosing any fraudulent inducement and negligent

misrepresentation claims. Moreover, plaintiffs' amended complaint contained insufficient facts to support the allegations the representations were false, defendants knew they were false and plaintiffs reasonably relied on the information to their detriment. The court found the conclusory allegations did not rise to the heightened pleadings standards mandated for assertions of fraud. This appeal followed.

We review an order granting a motion to dismiss de novo. Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016) (citation omitted). A court must deny a motion to dismiss a complaint for failure to state a cause of action if, giving plaintiffs the benefit of all their allegations and all favorable inferences, the complaint states a basis for relief. R. 4:6-2(e); see Burg v. State, 147 N.J. Super. 316, 319-20 (App. Div. 1977).

When examining the legal sufficiency of the facts alleged on the face of the complaint, Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987), we search the complaint "in depth and with liberality" to see whether the basis for a cause of action may be found even in an obscure statement of a claim. If so, opportunity to amend, if necessary, should be given. Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989).

At the outset we note, when construing contracts, our Supreme Court has instructed that clear and unambiguous contracts leave

"no room for interpretation or construction" and must be enforced "as written". Kutzin v. Pirnie, 124 N.J. 500, 507 (1991) (citation omitted). Clear contractual provisions "must be given effect without reference to matters outside the contract." Moreover, "'a party who enters into a contract in writing, without any fraud or imposition being practiced upon him, is conclusively presumed to understand and assert to its terms and legal effect.'" Rudbart v. N. Jersey Dist. Water Supply Comm'n, 127 N.J. 344, (N.J. 1992) (citation omitted).

Rule 4:5-8(a), requires allegations of fraud be pleaded with particularity. See State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 278 (App. Div. 2017); see also Nostrame v. Santiago, 213 N.J. 109, 129 (2013). Plaintiffs argue they sufficiently pled their causes of action for fraud in the inducement and negligent misrepresentation and the trial court erred in dismissing their amended complaint. We disagree.

To state a claim for common law fraud, a plaintiff must allege facts that, if proven, would establish the following five elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."

<u>Gennari v. Weichert Co. Realtors</u>, 148 N.J. 582, 610 (1997) (citation omitted).

Plaintiffs assert by concealing adverse information and documentation that would have disclosed the true nature of the operations of the store, defendants made material misrepresentations sufficient to satisfy the first element of fraud. Plaintiffs allege the June 4, 2012 Profit and Loss statement provided by defendants represented the operations of the store during the period January to June 2012 resulting in gross profits of $164,202.90. Plaintiffs argue defendants concealed that the operations of the store during the period January to June 2012 did not generate actual gross profits of $164,202.90 and upon information and belief had generated less than one-half that amount. Searching the complaint "in depth and with liberality" to see whether the basis for a cause of action may be found even in an obscure statement of a claim, we agree plaintiffs have satisfied the first element of a fraud claim.

Moreover, plaintiffs' minimal assertions defendants knew or should have known they would rely upon the information and documentation satisfies the second element of a fraud claim, requiring "knowledge or belief by the defendant of [the representation's] falsity." <u>Hoffman v. Hampshire Labs, Inc.</u>, 405 N.J. Super. 105, 115 (App. Div. 2009) (citations omitted). Under

Rule 4:5-8, general assertions of knowledge on the part of defendants here are sufficient. But see Hoffman, 405 N.J. Super. at 116 (finding insufficient a complaint which alleged the defendants knew their representations about a product were false, but lacked "specific facts which would establish that defendants had such knowledge."). Plaintiffs here provided little else, other than conclusory statements, to show specifically defendants had knowledge of the falsity of the representations made.

For the third element, plaintiffs assert, "defendants purposefully and intentionally engaged in the conduct complained of above." Here, plaintiffs provide nothing to demonstrate defendants acted with the intent that plaintiffs rely on misrepresentations and have not established the third element of a common-law fraud claim.

The fourth element, reliance, "is an essential element of common-law fraud." Byrne v. Weichert Realtors, 290 N.J. Super. 126, 137 (App. Div. 1996) (citation omitted). Plaintiffs argue they "reasonably relied upon the information, documentation and representations provided to them by [defendants]," and that the information provided was "material to [plaintiffs'] decision" to enter into the Agreement with defendants.

"[T]he buyer of a business is entitled to rely on the seller's statement concerning [the business's] . . . income." Trautwein

v. Bozzo, 35 N.J. Super. 270, 278 (Ch. Div. 1955), aff'd o.b., 39 N.J. Super. 267 (App. Div. 1956). Here, plaintiffs assert they relied upon defendants' statements about the store's income in deciding to buy the business, however the Agreement contains two specific clauses that defeat such assertions. The Buyers' Satisfaction clause provides plaintiffs had free access to defendants' books and records, and plaintiffs did not rely on any representation of defendants regarding the vitality of the business in making their decision. Furthermore, the "Miscellaneous" section contains an "as is" clause confirming plaintiffs had the opportunity to personally review the financial records of defendants and agreed to take the business in its 'as is' condition.

Plaintiffs assert they expected the equipment in the store to be "turn-key" and fully functional. However, the "as is" clause states defendants made no "representation as to the condition of the fixtures and equipment" and plaintiffs were free to "inspect and test all equipment prior to closing."

Moreover, plaintiffs' complaint did not sufficiently plead the final element of fraud, requiring provable resulting damages. There must be a demonstrable causal nexus between the alleged common-law fraud and the claimed harm. Borbonus v. Daoud, 34 N.J. Super. 54, 60-61 (Ch. Div. 1955). In addition, the damages cannot

be speculative. See Finderne Mgmt. Co., Inc. v. Barrett, 402 N.J. Super. 546, 574 (App. Div. 2008) (noting that it is "essential" that damages arising out of fraud be proven with "sufficient certainty") (citing Gardner v. Rosecliff Realty Co., 41 N.J. Super. 1, 11 (App. Div. 1956)).

Notwithstanding plaintiffs' assertion the conduct of defendants caused them "substantial losses," they make no specific claim for damages. They generally aver they "have been irreparably harmed, have incurred, and will in the future incur, substantial monetary and other losses." As such, on the face of the complaint, plaintiffs have not satisfied the fifth element of their fraud claim.

For the same reasons, plaintiffs' claim for negligent misrepresentation also fails. Negligent misrepresentation is "[a]n incorrect statement, negligently made and justifiably relied upon," which "may be the basis for recovery of damages for economic loss or injury sustained as a consequence of that reliance." H. Rosenblum, Inc. v. Adler, 93 N.J. 324, 334 (1983) (citing Pabon v. Hackensack Auto Sales, Inc., 63 N.J. Super. 476 (App. Div. 1960)).

Plaintiffs have not shown either justifiable reliance or damages. Kaufman v. I-Stat Corp., 165 N.J. 94, 109 (2000) (citation omitted). ("The element of reliance is the same for

fraud and negligent misrepresentation.") Plaintiffs made no allegations adequate to suggest defendants acted negligently. The bare assertions, without more, that the defendant's conduct constitutes negligent misrepresentation and nondisclosure, are insufficient. For these reasons, the trial court did not err in dismissing plaintiffs' claims for fraud and negligent misrepresentation.

Plaintiffs assert the motion judge erred dismissing their claim against defendants for allegedly breaching the covenant of good faith and fair dealing. Under New Jersey law, "[a] covenant of good faith and fair dealing is implied in every contract[.]" Wilson v. Amerada Hess Corp., 168 N.J. 236, 244 (2001) (citing Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420 (1997)). This means "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract[.]" Sons of Thunder, 148 N.J. at 420 (citing Palisades Properties, Inc. v. Brunetti, 44 N.J. 117, 130 (1965)).

While "the implied covenant of good faith and fair dealing cannot override an express term in a contract, a party's performance under a contract may breach that implied covenant even though that performance does not violate a pertinent express term." Wade v. Kessler Inst., 172 N.J. 327, 341 (2002) (citing Wilson,

11

168 N.J. at 244). Hence, the question is not whether a party acts in bad faith simply by terminating a contract, but whether the party terminated a contract in bad faith and therefore breached the covenant.

Here, plaintiffs allege defendants acted in bad faith negotiating the contract itself, and therefore there was a breach of the covenant. Reading the complaint "in depth and with liberality" to see whether the basis for a cause of action may be found even in an obscure statement of a claim, the implied covenant of good faith and fair dealing is not applicable.

> [T]he application of the implied covenant of good faith and fair dealing has addressed three distinct type of situations: (1) when the contract does not provide a term necessary to fulfill the parties' expectations; (2) when bad faith served as a pretext for the exercise of a contractual right to terminate; and (3) when the contract expressly provides a party with discretion regarding its performance.
>
> [Seidenberg v. Summit Bank, 348 N.J. Super. 243, 260 (App. Div. 2002) (internal citations omitted).]

Here, there are no missing terms alleged, and there were no discretionary powers remaining in the contract or termination by either party. As such, plaintiffs have presented no cognizable claim defendants breached the implied covenant of good faith and fair dealing.

Finally, plaintiffs' claim the trial court erred in dismissing their claim against defendants for civil conspiracy and aiding and abetting. A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, . . . the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005) (citing Morgan v. Union County Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993)). In order for there to be a civil conspiracy to commit fraud, there must have been an underlying unlawful act. See Malaker Corp. Stockholders Protective Comm. v. First Jersey Nat'l Bank, 163 N.J. Super. 463, 491 (App. Div. 1978) (finding that "civil liability cannot be imposed for an unexecuted conspiracy" because "[w]here the conspiracy fails of its purpose, damage flowing therefrom would normally be absent.").

Liability for aiding and abetting "is found in cases where one party 'knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.'" Qwest Commc'ns Intern., Inc., 387 N.J. Super. at 481 (quoting Judson v. Peoples Bank Trust & Co., 25 N.J. 17, 29 (1957)). "[T]he mere common plan, design or even express agreement is not enough for liability in itself, and there

A-3411-16T3

must be acts of a tortious character in carrying it into execution." Id. at 483 (citing Restatement (Second) of Torts (1979), 876(b) comment d). "A claim for aiding and abetting fraud also requires proof of the underlying tort[.]" Id. at 484.

In their claim for aiding and abetting, plaintiffs alleged no details to prove any defendant had knowledge that another's "conduct constitutes a breach of duty and [gave] substantial assistance or encouragement." Further, fatal to both the conspiracy and the aiding and abetting claims, as stated above, plaintiffs presented no legally cognizable case for fraud, negligent misrepresentation, or a breach of the implied covenant of good faith and fair dealing. As such, there is no underlying unlawful act, and their claims of conspiracy and aiding and abetting cannot stand.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3411-16T3