**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4360-16T1

VIATCHESLAV STREKALOV,

     Plaintiff-Appellant,

v.

BANK OF AMERICA, N.A.,
GREEN TREE SERVICING, LLC,
n/k/a DITECH FINANCIAL, LLC,
and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
a/k/a FANNIE MAE,

     Defendants-Respondents.

_____

Submitted October 22, 2018 – Decided January 11, 2019

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. C-000091-16.

Vitacheslav Strekalov, appellant pro se.

Winston & Strawn, LLP, attorneys for respondent Bank of America, N.A. (Heather Elizabeth Saydah, of counsel and on the brief).

Blank Rome, LLP, attorneys for respondents Green Tree Servicing, LLC and Fannie Mae (Francis X. Crowley and Thomas M. Brodowski, on the brief).

PER CURIAM

Plaintiff Viatcheslav Strekalov, a signatory on a foreclosed residential mortgage issued to Elena Evglevskaya, appeals from a June 7, 2017 Chancery Division order granting the Rule 4:6-2(e) motion to dismiss his complaint with prejudice for failure to state a claim by the mortgage assignees, defendants Green Tree Servicing, LLC and Fannie Mae. We affirm.

On December 31, 2004, plaintiff and Evglevskaya executed a mortgage on a property located in Wayne to secure a thirty-year $330,000 loan from Coastal Capital Corp d/b/a the Mortgage Shop to Evglevskaya. A promissory note executed that same day by Evglevskaya, as the sole borrower, evidenced the loan.

In June 2013, Bank of America, N.A., which had been assigned the mortgage a year earlier, assigned the mortgage to Green Tree.

In January 2015, Green Tree filed a foreclosure action because Evglevskaya had defaulted on the loan. About seven months later, Green Tree changed its name to Ditech Financial, LLC (Ditech) following its merger with Ditech Mortgage Corp. and DT Holdings, LLC.

2

In February 2016, while the foreclosure action was pending, plaintiff filed a third-party complaint, asserting counterclaims against Green Tree (now Ditech) and third-party claims against Bank of America and Fannie Mae.[1] Four months later, on June 8, the trial court granted Rule 4:6-2 (e) motions by Bank of America and Fannie Mae dismissing the third-party complaint and third-party claims with prejudice for reasons set forth on the record.

Although the foreclosure action remained pending, plaintiff filed a complaint in September 2016, against Bank of America, Green Tree, and Fannie Mae. On February 21, 2017, the court issued orders, for reasons set forth on the record, granting Bank of America's Rule 4:6-2(e) motion to dismiss with prejudice all claims against it; denying plaintiff's summary judgment motion against Bank of America; and denying plaintiff's default judgment motion against Green Tree and Fannie Mae. And, on June 7, 2017, the court granted Green Tree and Fannie Mae's Rule 4:6-2(e) motions to dismiss the complaint with prejudice for reasons set forth on the record.

Before us, plaintiff appeals only the June 7 order, arguing:

---

[1] Also named, as a third-party defendant was Phelan Hallinan Diamond & Jones, PC, which is not a party in this appeal. The record provided does not indicate how it was dismissed from the case.

A-4360-16T1

POINT I

PROVISION OF FALSE INFORMATION ABOUT THE ORIGIN OF THE DISPUTED LOAN AND GENERAL INFORMATION UPON THE OPENING OF THE CASE.

POINT II

ILL[EGAL] USE THE TESTIMONY OF THE WITNESS WHO DOES NOT HAVE THE AUTHORITY TO REPRESENT THE INTERESTS OF THE DEFENDANT, FANNIE MAE.

POINT III

IGNORING BY THE COURT THE PREVIOUS VERDICTS, REACHED AND ADOPTED BY THE TRIAL COURT AS WELL AS THE ARGUMENTS [O]F THE PLAINTIFF AND DOCUMENTS PRESENTED TO HIM.

We begin by noting that plaintiff's brief is woefully non-compliant with our court rules. First, he fails to provide a copy of the June 7 order he appeals. R. 2:6-1(a)(1)(A). Second, he fails to include a "table of citation of cases, alphabetically arranged, of statutes and rules and of other authorities." R. 2:6-2(b). Third, he raises several issues without the support of facts, or evidence provided in the appendix. R. 2:6-2(a)(5); See Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283 (App. Div. 1984). Fourth, he fails to include in parenthesis what part of the record his arguments are pointed

at.  R. 2:6-2(a)(6).  Fifth, he fails to make any coherent arguments to establish that the June 7 order is not supported by the record and case law.  See R. 2:9-9. Hence, we agree with Green Tree and Fannie Mae that these deficiencies make them "unable to intelligibly" respond to plaintiff's arguments on appeal.  And, these deficiencies do not allow us to conduct a meaningful appellate review of the order denying reconsideration.   See R. 2:6-9;  R. 2:8-2;  R. 2:9-9. Nevertheless, for the sake of completeness, we will briefly address the merits of the court's order.

Plaintiff alleged in his complaint that defendants are "trying to impose on [him] and Evglevskaya responsibility for the return of a loan in the amount of $330,000 which they never requested and [had] been issued fraudulently to third parties as proven in the [c]ourt of law."  He claimed defendants harmed his and Evglevskaya's credit, and caused them "moral and health damages . . . at $100,000 each."

In granting Green Tree and Fannie Mae's motions to dismiss, the court cited numerous procedural grounds.  Under res judicata,[2] the court determined

---

[2] "Under the principles of res judicata[,] claims that are actually litigated and determined before trial also are barred from being relitigated."  Velasquez v. Franz, 123 N.J. 498, 506 (1991) (citing Restatement (Second) of Judgments § 27 cmt. d (1982)).  The principle "contemplates that when a controversy between

"plaintiff's . . . claims are nothing more than repackaged versions of the same unsupported allegations of [his] prior [counterclaims] and third-party claims in the foreclosure action [filed in February 2016], which were all dismissed with prejudice" on June 8, 2016. To the extent that any of his current claims are different from the prior counterclaims and third-party claims, the court found they were barred under the entire controversy doctrine[3] because they should have been raised in February 2016. Because the mortgage was executed in December 2004, and plaintiff's complaint was filed in September 2016, the court

---

parties is once fairly litigated and determined it is no longer open to relitigation." Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960). Application of res judicata "requires substantially similar or identical causes of action and issues, parties, and relief sought[,]" as well as a final judgment. Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989). "[A] motion to dismiss for failure to state a claim is an adjudication on the merits for res judicata purposes, unless the judge specifies that it is 'without prejudice.'" Velasquez, 123 N.J. at 507 (citation omitted).

[3] "The entire controversy doctrine is an equitable principle and its application is left to judicial discretion." 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 238 (App. Div. 2011) (citing Allstate N.J. Ins. Co. v. Cherry Hill Pain & Rehab. Inst., 389 N.J. Super. 130, 141 (2006)). "This doctrine 'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'" Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)). The doctrine applies when the claims of all parties arise out of the same common string of facts or circumstances. Ibid.

A-4360-16T1

decided his claims were barred by the six-year statute of limitations. Moreover, the judge determined that to the extent plaintiff is making claims on Evglevskaya's behalf, plaintiff lacks standing to do so because she is the only mortgagee on the mortgage.

The court further reasoned that the pleadings, which merely state conclusions of law without the inclusion of supporting factual allegations, will not be allowed to proceed to discovery if challenged by a motion to dismiss for failure to state a claim. See Glass v. Suburban Restoration Co., Inc., 317 N.J. Super. 574, 582 (App. Div. 1998).

Lastly, putting aside the procedural failings, the court also found cause to dismiss the action by examining the substance of plaintiff's complaint. To the extent the complaint raised common law fraud claims, the compliant was deficient because it did not allege all the requirements of: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendants of its falsity; (3) intent that the other party relied on it; (4) reasonable reliance by the other party; and (5) resulting damages.[4] As for the

---

[4] The judge's oral decision did not recite the legal support for the common law definition of civil fraud. However, the standard is well-settled and it was correctly set forth. See Gennari v. Weichert Co. Realtors, 14 N.J. 582, 10 (1997).

A-4360-16T1

allegations that his credit, or even for that matter Evglevskaya's credit, were negatively impacted, plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681 (the Act). Under Section 1681t(b)(1)(F) of the Act, "[n]o requirement or prohibition may be imposed under the laws of any State . . . (1) with respect to any subject matter regulated under . . . (F) section [1681s-2 of this title], relating to . . . consumer reporting agencies . . . ."

When considering a Rule 4:6-2(e) motion to dismiss a complaint with prejudice for failure to state a claim upon which relief can be granted, a trial court must determine "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). The court must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (citation omitted). We apply a de novo standard when reviewing an order dismissing a complaint for failure to state a claim. State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 279 (App. Div. 2017). Since our "review is plenary[,] . . . we owe no deference to the trial judge's conclusions." State v. Cherry Hill Mitsubishi, 439 N.J. Super. 462, 467 (App. Div. 2015) (citation omitted).

Based upon our review of the record, we affirm substantially for the sound reasons expressed by the trial court in its oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION