**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5626-17T4

TLC SERVICES, LLC,
t/a TOP IT FROZEN
YOGURT BAR,

     Plaintiff-Appellant,

v.

DEVINE ROOFING &
CONSTRUCTION, LLC,
a/k/a DEVINE ROOFING &
CONTRACTING, LLC,
and DEVINE ROOFING CO.,

     Defendant-Respondent.

_____

Argued October 3, 2019 – Decided November 7, 2019

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0480-18.

Larry S. Loigman argued the cause for appellant.

Michael John Maselli argued the cause for respondent (Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, attorneys; Michael John Maselli, on the brief).

PER CURIAM

Plaintiff TLC Services LLC (TLC) appeals from a June 29, 2018 order dismissing with prejudice its complaint against defendant Devine Roofing & Construction, LLC (Devine Roofing). We affirm because TLC and Devine Roofing were parties to an earlier litigation and TLC's claims in the second litigation are precluded under the entire controversy doctrine.

I.

The material facts are not in dispute and we take them from the complaints filed by TLC. TLC rented space in a commercial building owned by Eve Buzin and Mindy Cohen (collectively, the Landlords). TLC used the rented premises to operate a frozen yogurt retail store.

In May 2015, the Landlords initiated a renovation project on the building where TLC operated its store. The Landlords retained Vision Construction Services, LLC (Vision) to act as general contractor to oversee the renovation project, which included repairing the building's roof. Vision, in turn, hired Devine Roofing as a subcontractor to repair the roof, including the roof over TLC's store.

In December 2015, TLC sued the Landlords, and later amended its complaint to name Vision as an additional defendant (the First Action). TLC

A-5626-17T4

alleged it sustained damages during the renovation, including damages from a roof leak. In that regard, the amended complaint in the First Action asserted: "Defendant caused, or neglected to repair, a roof leak, which has resulted in a presence of mold in the business, and causing the drop ceiling to become covered with construction debris."

In January 2017, Vision filed a third-party complaint against Devine Roofing. The third-party complaint identified Devine Roofing as the subcontractor who performed the roofing work during the renovation and sought indemnification and contribution from Devine Roofing. Thereafter, the parties to the First Action engaged in discovery. As part of that discovery, TLC's counsel took the deposition of Thomas Devine, a managing member of Devine Roofing who had served as the project manager and foreman for the roofing work done on the building.

In October 2017, Devine Roofing moved for summary judgment. TLC opposed that motion. On December 15, 2017, the trial court in the First Action entered an order granting summary judgment to Devine Roofing. That order

stated: "all claims and cross-claims against Third-Party Defendant, Devine Roofing . . . are dismissed with prejudice[.]"[1]

TLC moved to vacate the December 15, 2017 order granting summary judgment to Devine Roofing. TLC also moved to amend its complaint to name Devine Roofing as a direct defendant and to assert claims directly against Devine Roofing. On January 31, 2018, the trial court in the First Action entered an order denying both those motions.

Eight days later, on February 8, 2018, TLC filed a separate action naming Devine Roofing as the only defendant (the Second Action). The complaint in the Second Action sought relief and damages that TLC had sought in its first action. Specifically, TLC asserted: "As a result of [Devine Roofing's] negligence, the roof was caused to leak; water infiltrated into the store, resulting in the growth and presence of mold; the drop ceiling was covered with construction debris; [TLC's] machines and other equipment were damaged or destroyed."

In response, Devine Roofing filed a motion to dismiss TLC's complaint in the Second Action. The trial court in the Second Action granted that motion in

---

[1] The parties provided us with a copy of the December 15, 2017 order, but did not provide us with the transcript that contained the court's reasoning for its decision.

A-5626-17T4

an order entered on June 29, 2018, and explained the reasons for its decision on the record. The trial court found that TLC's Second Action against Devine Roofing was barred under both the entire controversy doctrine and the principle of res judicata.

Meanwhile, TLC continued to pursue its claims against the Landlords in the First Action. Eventually, the remaining parties to the First Action settled their claims and the First Action was dismissed.[2] TLC did not appeal from any orders entered in the First Action. Instead, TLC filed this appeal from the June 29, 2018 order dismissing its complaint against Devine with prejudice in the Second Action.

## II.

On appeal, TLC argues that its complaint in the Second Action should not have been dismissed (1) for failing to state a claim; (2) as barred by res judicata; (3) as barred by collateral estoppel; (4) as barred by the entire controversy doctrine; and (5) as barred by comity. We review de novo the disposition of a motion to dismiss. State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 279 (App. Div. 2017). We need only reach the entire controversy

---

[2] No party has provided us with the dismissal order in the First Action. In its brief, TLC has represented that a consent order was entered in the First Action on September 13, 2019.

A-5626-17T4

doctrine, because we conclude that the doctrine precludes TLC's Second Action against Devine Roofing.

The entire controversy doctrine, codified in Rule 4:30A, is rooted in the goal of encouraging parties to resolve all their disputes in one action. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 98 (2019); see also Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 443 (2011) (noting that the doctrine finds its support in our State Constitution and the goal "'that all matters in controversy between the parties may be completely determined[.]'" (quoting N.J. Const. art. VI, § III, ¶ 4)); See also Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:30A (2020). Underlying the doctrine "are the twin goals of ensuring fairness to parties and achieving economy of judicial resources." Kent Motor Cars, 207 N.J. at 443.

"The entire controversy doctrine is fact sensitive and dependent upon the particular circumstances of a given case." 700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 236 (App. Div. 2011). At bottom, the doctrine is an equitable one. Hobart Bros. Co. v. Nat'l Union Fire Ins. Co., 354 N.J. Super. 229, 241 (App. Div. 2002). "'[A]ccordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are

A-5626-17T4

related to the underlying controversy.'" Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)).  Moreover, the doctrine is "intended to be applied to prevent a party from voluntarily electing to hold back a related component of the controversy in the first proceeding by precluding it from being raised in a subsequent proceeding thereafter."  Oltremare v. ESR Custom Rugs, Inc., 330 N.J. Super. 310, 315 (App. Div. 2000).

The entire controversy doctrine applies here for two reasons.  First, Devine Roofing was a party to the First Action.  The central controversy in the First Action was whether TLC suffered damages during the renovation project, including damages from a leaking roof.  Thus, TLC knew it had claims against Devine Roofing while the First Action was pending and while Devine Roofing was a third-party defendant in the First Action.  Indeed, TLC took discovery from Devine Roofing.  TLC, however, did not assert direct claims against Devine Roofing in a timely manner.  Instead, it waited until after Devine Roofing was granted summary judgment.  It was only thereafter that TLC sought to vacate that order and amend its complaint to name Devine Roofing as a direct defendant.  Those motions were denied.  Moreover, the orders denying those

motions are not before us because TLC has not appealed, and now cannot appeal, from those orders.

Second, even if we were to consider Devine Roofing as an entity who was not a direct party to the First Action from the perspective of TLC, the Second Action would still be subject to preclusion. The entire controversy doctrine has evolved over time. In that regard, mandatory party joinder under the doctrine was eliminated. See R. 4:5-1(b)(2); Pressler & Verniero, cmt. 1 on R. 4:30A. Nevertheless, preclusion of a successive action against a person not a party to the first action still applies in situations involving both inexcusable conduct and substantial prejudice to the non-party resulting from omission from the first suit. Hobart Bros. Co, 354 N.J. Super. at 242.

It was inexcusable for TLC not to assert a timely direct claim against Devine Roofing in the First Action. The record establishes that TLC was aware of Devine Roofing's role in repairing the roof during the First Action. Thus, while it was suing the Landlords and Vision claiming damages resulting from roof leaks, it knew it also had a claim against Devine Roofing.

Devine Roofing would also be subject to substantial prejudice if TLC was allowed to pursue its claims in the Second Action. TLC was granted summary judgment dismissing all claims against it in the First Action. It would be

prejudiced if it had to re-litigate that issue. Moreover, to defend against TLC's claims, Devine Roofing would be entitled to retain an expert. By the time the Second Action was filed in 2018, however, any expert retained by Devine Roofing would not have been able to reconstruct the circumstances surrounding the renovations, the condition of the roof at the end of the renovation project, or any actions by Vision or TLC that might have impacted the roof.

In short, we hold that TLC's complaint in the Second Action was barred by the entire controversy doctrine. In light of that ruling, we need not address the alternative grounds for dismissing TLC's Second Action.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION