**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0424-21

ARTHUR AARON, individually
and derivatively on behalf of
Nominal Defendant SARA KETY
LLC,

      Plaintiff-Appellant,

v.

FRANK ORTEGA, and
ORTEGA & DI LEONARDO,

      Defendants-Respondents,

and

SARA KETY LLC,

      Nominal Defendant.

_____

Submitted September 13, 2022 – Decided October 11, 2022

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1977-21.

Sragow & Sragow, attorneys for appellant (Allen P. Sragow, on the briefs).

Kaufman Dolowich & Voluck, LLP, attorneys for respondents (Robert A. Berns and Timothy M. Ortolani, of counsel and on the brief).

PER CURIAM

Plaintiffs Arthur Aaron (Aaron) and Sara Kety LLC (SK LLC) appeal from an August 27, 2021 order that dismissed with prejudice their complaint against Frank Ortega (Ortega) and Ortega & Di Leonardo (O & D). The motion judge dismissed the complaint based on the entire controversy doctrine, as well as principles of res judicata, collateral estoppel, and the law of the case doctrine. The judge also held that the claims were precluded by the New Jersey Accountant Liability Act (the Accountant Act), N.J.S.A. 2A:53A-25.

Because plaintiffs' claims were or could have been asserted in a prior litigation, we affirm based on the entire controversy doctrine. We also affirm the dismissal of the claims based on the Accountant Act.

I.

We summarize the relevant facts and procedural history based on the pleadings and motion papers filed in this action and the previous action. We view the facts and procedures in the light most favorable to plaintiffs, the non-moving parties. See Diaz v. Reynoso, 468 N.J. Super. 73, 88 (App. Div. 2021).

2

The facts involve the relationship among three individuals, two companies, and an accountant. In 2004, Aaron and Marc Steinberg (Steinberg) formed a corporation named A & M Cards Worldwide, Inc. (A & M Cards). Four years later in 2008, Steinberg and Sara Kety (Kety) formed a company to sell baby clothing, which they later named Sara Kety LLC. Thereafter, Aaron became a member of SK LLC with a one-third ownership interest. Steinberg and Kety owned the remaining two-thirds interest in SK LLC. Ortega, through his accounting firm O & D, was the accountant for SK LLC.

In 2009, A & M Cards borrowed $300,000 from the Bank of New Jersey (NJ Bank), and Aaron and Steinberg guaranteed the repayment of that loan. For a period of time, SK LLC made installment payments to NJ Bank to repay part of the A & M Cards loan.

In February 2018, NJ Bank sued A & M Cards, Aaron, and Steinberg, alleging that they had defaulted on the repayment of the loan (the First Action). Aaron filed an answer, counterclaims, crossclaims, and third-party complaint in the First Action. In his crossclaims and third-party complaint, Aaron asserted claims against Steinberg and Kety. He also asserted claims derivatively against them on behalf of SK LLC. Aaron alleged that beginning in May 2011, Steinberg and Kety caused SK LLC to improperly distribute profits by paying

3

themselves weekly salaries and improperly account for some of their personal expenses as business expenses. Aaron further alleged that those improper payments and expenses damaged him by reducing his profits from SK LLC.

In his third-party complaint against Ortega, Aaron alleged that Ortega was the accountant for SK LLC and that he improperly accounted for the payments to Kety and Steinberg and their personal expenses. Aaron asserted causes of action against Ortega for negligence, aiding and abetting Kety's and Steinberg's breaches of fiduciary duties, and breach of fiduciary duty. In his third-party complaint, Aaron identified Ortega as "Frank Ortega of Ortega & Di Leonardo (Ortega)."

In June 2018, Ortega moved to dismiss Aaron's third-party complaint in the First Action arguing, among other things, that Aaron could not bring a claim against him under the Accountant Act. While that motion was pending, in July 2018, Aaron submitted an amended third-party complaint asserting claims against Ortega and O & D. Aaron also asserted derivative claims on behalf of SK LLC against Ortega and O & D. That amended third-party complaint, however, was not accepted for filing because Aaron had not moved for permission to file the amended pleading.

A-0424-21

On August 3, 2018, the trial court in the First Action dismissed Aaron's claims against Ortega without prejudice. The court held that Aaron, who was not Ortega's client, could not bring what were essentially third-party professional negligence claims against Ortega under the Accountant Act. The trial court also noted that Aaron had not submitted the required affidavit of merit.

In granting the motion to dismiss, the court acknowledged that Aaron had attempted to amend his third-party complaint, but the amendment had not been effective because it was not made by the required motion. The trial court accordingly noted that the amended third-party complaint was not properly before it. The court then dismissed the claims against Ortega without prejudice.

Shortly thereafter, in September 2018, the trial court in the First Action entered a case management order requiring that any motion to amend be filed by March 1, 2019. Aaron never sought leave to file an amended complaint against Ortega and O & D in the First Action. Discovery in the First Action concluded in December 2019, and the case was first scheduled for trial on March

5

2, 2020.  Because of the COVID-19 pandemic, the trial was thereafter adjourned and did not take place in 2021.[1]

In March 2021, Aaron, individually and derivatively on behalf of SK LLC, filed a separate action against Ortega and O & D (the Second Action).  In the Second Action, Aaron and SK LLC asserted nearly identical allegations and claims against Ortega and O & D as they had asserted or had attempted to assert in the First Action.  In that regard, the complaint in the Second Action alleged causes of action for negligence, aiding and abetting Kety's and Steinberg's breaches of fiduciary duties, and breaches of fiduciary duties.

Ortega and O & D moved to dismiss the complaint in the Second Action, arguing that the claims were barred by the entire controversy doctrine, as well as principles of res judicata and collateral estoppel.  Ortega and O & D also argued that the claims in the Second Action were precluded by the Accountant Act under the law of the case doctrine.

The motion was heard by the same judge who was handling the First Action.  The judge treated the motion to dismiss as a motion for summary judgment and allowed Aaron and SK LLC to file a responding statement of facts.

---

[1]  The parties informed us that as of February 2022, the trial in the First Action had still not been scheduled or conducted.

A-0424-21

Thereafter, on August 27, 2021, the motion judge heard arguments, issued a written opinion, and entered an order dismissing with prejudice the complaint in the Second Action.

The motion judge found that the allegations and claims in the Second Action were "identical, in all material ways," to the allegations and claims that Aaron asserted or had attempted to assert in the First Action. In that regard, the motion judge stated: "Aaron also could have asserted any viable claims against Ortega [and O & D] in the [First Action] – via an appropriate motion to amend – but Aaron chose not to do so." The motion judge therefore held that the claims in the Second Action were barred by the entire controversy doctrine, the law of the case doctrine, and principles of res judicata and collateral estoppel. The motion judge also held that the claims derivatively asserted on behalf of SK LLC were barred because Aaron had attempted to assert those claims in the First Action, but the amended third-party complaint had not been properly filed, the court had given Aaron until March 2019 to move to file an amended third-party complaint, and Aaron and SK LLC had failed to file that motion in the First Action.

Aaron, individually and derivatively on behalf of SK LLC, now appeals from the August 27, 2021 order.

A-0424-21

II.

On appeal, plaintiffs make four arguments. They contend that the motion judge in the Second Action erred in (1) dismissing the complaint under the entire controversy doctrine because the doctrine does not require party joinder; (2) dismissing the complaint under the law of the case doctrine because SK LLC was a client of Ortega and O & D; (3) dismissing the complaint because the claims and parties in the Second Action were not the same as in the First Action; and (4) dismissing the complaint based on the Accountant Act. Given the proceedings in the First Action, we hold that the claims in the Second Action were barred by the entire controversy doctrine. We also hold that Aaron's individual claims against Ortega and O & D were precluded by the Accountant Act and Aaron did not properly bring derivative claims on behalf of SK LLC.

Appellate courts use a de novo standard when reviewing an order granting summary judgment or dismissing a complaint for failure to state a cause of action. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 279 (App. Div. 2017). Moreover, the application of the entire controversy doctrine and the Accountant Act involve questions of law and, accordingly, we review those issues de novo. See Higgins v. Thurber, 413 N.J. Super. 1, 6, 14 (App. Div.

2010), aff'd, 205 N.J. 227 (2011); Correa v. Grossi, 458 N.J. Super. 571, 577 (App. Div. 2019).

A.    The Entire Controversy Doctrine.

The entire controversy doctrine, codified in Rule 4:30A, is rooted in the goal of encouraging parties to resolve all their disputes in one action. Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 98 (2019); see also Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co., 207 N.J. 428, 443 (2011) (noting that the doctrine finds its support in our State Constitution and the goal "that all matters in controversy between the parties may be completely determined" (quoting N.J. Const. art. VI, § III, ¶ 4)); Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:30A (2023).  Underlying the doctrine "are the twin goals of ensuring fairness to parties and achieving economy of judicial resources."  Kent Motor Cars, 207 N.J. at 443.

"The entire controversy doctrine is fact sensitive and dependent upon the particular circumstances of a given case."  700 Highway 33 LLC v. Pollio, 421 N.J. Super. 231, 236 (App. Div. 2011).  At bottom, the doctrine is an equitable one.  Hobart Bros. Co. v. Nat'l Union Fire Ins. Co., 354 N.J. Super. 229, 241 (App. Div. 2002).  "'[A]ccordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are

9

related to the underlying controversy.'" Wadeer v. N.J. Mfrs. Ins. Co., 220 N.J. 591, 605 (2015) (quoting Highland Lakes Country Club & Cmty. Ass'n v. Nicastro, 201 N.J. 123, 125 (2009)). Moreover, "[t]he doctrine is intended to be applied to prevent a party from voluntarily electing to hold back a related component of the controversy in the first proceeding by precluding it from being raised in a subsequent proceeding thereafter." Oltremare v. ESR Custom Rugs, Inc., 330 N.J. Super. 310, 315 (App. Div. 2000).

The entire controversy doctrine has evolved over time. In that regard, mandatory party joinder under the doctrine was eliminated. See R. 4:5-1(b)(2); Pressler & Verniero, cmt. 1 on R. 4:30A. Nevertheless, preclusion of a successive action against a person not a party to the first action still applies in situations involving both inexcusable conduct and substantial prejudice to the non-party resulting from his or her omission from the first suit. Hobart Bros. Co, 354 N.J. Super. at 242.

Although the First Action was still pending when the Second Action was filed, the equitable principles under the entire controversy doctrine apply and preclude the Second Action. Aaron had attempted to file individual and derivative claims against Ortega and O & D in the First Action. Contrary to the rules, he did not file a motion and the amended third-party complaint was not

10

accepted. The court in the First Action gave Aaron almost a year to move to file an amended third-party complaint. Aaron failed to do so. He candidly admits that he did not have an expert to prepare the required affidavit of merit until August 2020. Instead of seeking leave to extend the discovery expert deadlines in the First Action, Aaron filed the Second Action.

The entire controversy doctrine applies to the Second Action for two reasons. First, Ortega was a party to the First Action and Aaron knew that Ortega was a member of the accounting firm O & D. Accordingly, Aaron could have and should have asserted claims against O & D.

Second, even if we were to consider O & D as an entity that was not a direct party in the First Action, it was inexcusable for Aaron not to assert a timely direct claim against O & D in the First Action. Ortega and O & D would also be subject to substantial prejudice if Aaron, individually or derivatively, was allowed to pursue claims in the Second Action. Ortega was granted a dismissal of all claims against him in the First Action in August 2018. Discovery in the First Action was completed, and a trial date was set. It would be prejudicial for Ortega or O & D to separately face claims that should have or could have been brought in the First Action.

A-0424-21

B.    The Accountant Act.

The Accountant Act was enacted to "'limit accountants' liability to third parties for the accountants' negligent acts.'" Finderne Mgmt. Co. v. Barrett, 355 N.J. Super. 197, 205 (App. Div. 2002) (quoting S. Com. Comm. Statement to S.826 (Oct. 13, 1994)).  The Act allows negligence claims against the accountant by its client.  N.J.S.A. 2A:53A-25(b)(1).  The Accountant Act defines a "client" as "the party directly engaging an accountant to perform a professional accounting service."  N.J.S.A. 2A:53A-25(a)(3).

The Accountant Act limits negligence claims by third parties and only allows non-clients to bring claims if they can establish three facts:

> The accountant:
>
> (a) knew at the time of the engagement by the client, or agreed with the client after the time of the engagement, that the professional accounting service rendered to the client would be made available to the claimant, who was specifically identified to the accountant in connection with a specified transaction made by the claimant;
>
> (b) knew that the claimant intended to rely upon the professional accounting service in connection with that specified transaction; and
>
> (c) directly expressed to the claimant, by words or conduct, the accountant's understanding of the claimant's intended reliance on the professional accounting service[.]

12

[N.J.S.A. 2A:53A-25(b)(2)(a) to (c).]

The Act defines a "specified transaction" as a "particular transaction between a client and a claimant." N.J.S.A. 2A:53A-25(a)(5). Consequently, for a non-claimant to sue an accountant for negligence, the claimant must plead and ultimately prove the three elements set forth in the Act. E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 179 N.J. 500, 502 (2004) (citing N.J.S.A. 2A:53A-25).

Aaron's individual claims fail to satisfy the three elements of N.J.S.A. 2A:53A-25(b)(2). While the complaint in the First and Second Actions made general accusations, neither complaint identified nor described a specified transaction or transactions that would satisfy the requirements of the Accountant Act. Moreover, the motion to dismiss in the Second Action was converted to a motion for summary judgment, but Aaron failed to identify facts that would support the three elements required by the Accountant Act.

The derivative claims Aaron sought to assert on behalf of SK LLC also fail as a matter of law. The revised Uniform Limited Liability Company Act (the LLC Act), N.J.S.A. 42:2C-1 to -94, governs limited liability companies organized in and existing under the laws of New Jersey. N.J.S.A. 42:2C-91. The LLC Act restricts a member's ability to assert derivative claims that belong

to the LLC.  N.J.S.A. 42:2C-67 to -68;  see also Brown v. Brown, 323 N.J. Super. 30, 36 (App. Div. 1999) (distinguishing between derivative actions, which are conditioned on injury or breach of duty to the corporation, and direct actions, involving injury sustained by a shareholder or member).

The LLC Act permits a member to "maintain a derivative action to enforce a right of a limited liability company" only if the member "makes a demand on the other members in a member-managed limited liability company . . . requesting that they cause the company to bring an action to enforce the right, and the . . . members do not bring the action within a reasonable time" or establish that making such a demand "would be futile."  N.J.S.A. 42:2C-68(a) to (b).  An LLC member bringing a derivative action must, in his or her complaint, state with particularity, "[t]he date and content of [his or her] demand and the response to the demand by the managers or other members" of the LLC or "[i]f a demand has not been made, the reasons a demand . . . would be futile."  N.J.S.A. 42:2C-70(a) to (b).  Generally, demand futility must be pled with particularity and the complaint must allege facts "creating a reasonable doubt that: (1) the directors are disinterested and independent, or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment."  In re PSE & G S'holder Litig., 173 N.J. 258, 286 (2002).

Aaron did not show that he made a demand of the other members of SK LLC prior to filing the derivative action. He did plead in the complaint that such a demand would be futile because the other members – Steinberg and Kety – benefitted from Ortega's and O & D's alleged negligence and were involved in the acts that allegedly caused harm to SK LLC. The allegations, however, were conclusory and without detailed factual support. Just as importantly, in response to the motion, which was converted to a summary judgment motion, Aaron failed to identify facts that would demonstrate his right to bring a derivative action on behalf of SK LLC.

In summary, we affirm the dismissal of the complaint in the Second Action. The claims were barred both by the entire controversy doctrine and the Accountant Act.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0424-21